# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

JOHN RODELL, an individual,

    Plaintiff,

v.

OBJECTIVE INTERFACE SYSTEMS, INC., a corporation,

    Defendant.

---

## NOTICE OF REMOVAL

---

COMES NOW, Defendant Objective Interface Systems, Inc. ("OIS"), by and through undersigned counsel, respectfully submits this Notice of Removal and in support thereof states as follows:

1. This action was commenced in the Douglas County District Court, State of Colorado, by filing a Complaint and Jury Demand on May 5, 2014. A copy of the Complaint and Jury Demand is attached hereto as *Exhibit 1*. OIS' resident agent, Harvard Business Services, Inc. was served in Delaware on May 23, 2014. A copy of the Summons is attached hereto as *Exhibit 2*.

2. This action is now pending in the Douglas County District Court, which is in the district of the United States District Court for the District of Colorado. This action is currently styled as *John Rodell v. Objective Interface Systems, Inc.*, Case No. 2014CV030496.

3. The United States District Court for the District of Colorado is the proper district for removal from the Douglas County District Court. 28 U.S.C. §1441(a).

4. OIS has not yet pleaded or answered in Douglas County District Court, and no motions are pending.

5. Pursuant to 28 U.S.C. §§ 1441 and 1446, OIS hereby removes this matter to the United States District Court for the District of Colorado. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings currently on file in state court are attached hereto as detailed herein.

6. Plaintiff is a citizen of the State of Colorado for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332. OIS is a corporation organized under the laws of the State of Delaware and its principal place of business is in the Commonwealth of Virginia.

7. In accordance with 28 U.S.C. § 1332(c) and (e), OIS is a citizen of the State of Delaware and the Commonwealth of Virginia for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

8. Complete diversity exists between Plaintiff and OIS. Plaintiff is not a citizen of the State of Delaware or the Commonwealth of Virginia and OIS is not a citizen of the State of Colorado. Accordingly, there is complete diversity between the parties in accordance with U.S. CONST. art. III, § 2 and 28 U.S.C. § 1332(a)(1).

9. Plaintiff's Complaint and Jury Demand puts more than $75,000 in controversy.

10. While employed by OIS, Plaintiff's yearly compensation package was structured with a base salary plus commission. For calendar years 2010, 2011, and 2012, Plaintiff earned $159,654.41, $125,373.70, and $116,253.36 in taxable wages, respectively. Plaintiff's

termination – which gives rise to his claims – occurred on or about October 31, 2012. As noted above, Plaintiff filed his Complaint and Jury Demand on May 5, 2014 – more than 19 months after he was terminated. Thus, assuming Plaintiff would have earned a yearly salary of $100,000 in 2013 and 2014, several thousand dollars less than he earned in the years prior, based on his salary and the amount of time since Plaintiff's termination, he could obtain a damages award for lost wages for as much as $150,000.[1] This amount alone exceeds the $75,000 jurisdictional requirement. *See* 28 U.S.C. § 1332(a); *see also Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

11. Plaintiff's Complaint and Jury Demand also alleges that Plaintiff is owed the value of his stock options. *See* Plaintiff's Complaint and Jury Demand, p. 2, para. 16, attached hereto as ***Exhibit 1***. Any value of stock options owed to Plaintiff would be included in his damages award. Without admitting that Plaintiff is entitled to the value of his stock options or waiving any of its defenses against such an award, OIS recognizes that the value of stock options in this matter adds proof that the jurisdictional minimum for diversity jurisdiction is satisfied in this matter.

12. In addition to Plaintiff's potential damages recovery, Plaintiff also seeks to recover attorney's fees. *See* Plaintiff's Complaint and Jury Demand, attached hereto as ***Exhibit 1***. Attorney's fees can be included in the amount in controversy only if the underlying state law permits an award, and only a reasonable estimate may be used. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Plaintiff's Second Claim for Relief is under Colorado's Wage

---

[1] Defendant OIS' calculation of Plaintiff's potential damages award is not an admission that he is entitled to such an award; nor does it, in any way, waive any of OIS' arguments or defenses against such award.

Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq.* See Plaintiff's Complaint and Jury Demand, attached hereto as ***Exhibit 1***. Colorado's Wage Claim Act permits recovery of attorney's fees by the prevailing party. Colo. Rev. Stat. § 8-4-110. Although OIS is reluctant to speculate the amount of attorney's fees available to Plaintiff, the sum available only adds proof that the jurisdictional minimum for diversity jurisdiction is satisfied.

13. Finally, in his District Court Civil Case Cover Sheet, Plaintiff indicated that he was seeking a monetary judgment of over $100,000. A copy of the District Court Civil Case Cover Sheet is attached as ***Exhibit 3***. Although the Civil Cover Sheet is not dispositive of the issue, *see Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007), it adds support for the conclusion that the jurisdictional minimum is satisfied in this matter.

14. Accordingly, the Court may find by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. §§ 1332(a) and 1446(c)(2).

15. Because complete diversity exists in this matter and the amount in controversy exceeds the sum or value of $75,000, United States District Court for the District of Colorado has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

16. This Notice of Removal has been filed within thirty days of service of the Summons and Complaint on OIS and is therefore timely pursuant to 28 U.S.C. § 1446(b).

17. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Douglas County District Court. A copy of the notice to the state court is attached hereto as ***Exhibit 4***.

WHEREFORE, OIS requests that this Court assume jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

Dated this 13th day of June, 2014.

    Respectfully submitted,

    SHERMAN & HOWARD L.L.C.

    s/ Jonathon M. Watson
    Jonathon Watson
    633 17th St., Suite 3000
    Phone: (303) 299-8286
    Fax: (303) 299-40940
    Jwatson@shermanhoward.com

    John A. Bonello
    David, Brody & Dondershine, LLP
    12355 Sunrise Valley Drive, Suite 650
    Reston, Virginia 20191
    Phone: (703) 264-2220
    Fax: (703) 264-2226
    jbonellow@bdb-law.com

    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of June, 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bob Roberts, Esq.
Bob Roberts, LLC
10530 Humboldt Peak Way
Parker, CO 80138
bobrobertsllc@gmail.com

                                          s/ Cheryl D. Witt