| | | |
|---|---|---|
| ☐ County Court   ☒ District Court | | DATE FILED: May 5, 2014 6:03 PM<br>FILING ID: F82B5132F2F3C<br>CASE NUMBER: 2014CV30496 |
| DOUGLAS DISTRICT COURT<br>Court Address:   4000 Justice Way, Ste 2009<br>Castle Rock, CO 80104 | | |
| **Plaintiff:** DR. JOHN RODELL | | ▲ COURT USE ONLY ▲ |
| v. | | |
| **Defendants:** OBJECTIVE INTERFACE SYSTEMS, INC | | |
| Attorney for Plaintiff: | | **Case Number: 2014CV** |
| Name:   BOB ROBERTS, LLC<br>      By: Bob Roberts | | |
| Address:   10530 Humboldt Peak Way<br>      Parker, CO 80138 | | Division      Courtroom |
| Telephone:  (303) 335-8725   E-mail: bobrobertsllc@gmail.com<br>Atty. Reg. #:  33057 | | |
| **COMPLAINT AND JURY DEMAND** | | |

COMES NOW the Plaintiff, Dr. John Rodell, by and through his attorney, the law firm of Bob Roberts, LLC, and as his complaint against the Defendant alleges the following:

## VENUE, JURISDICTION, AND GENERAL ALLEGATIONS

1.  Plaintiff Dr. John Rodell (hereinafter "Dr. Rodell" or "Plaintiff") resides in Douglas County, Colorado.

2.  Defendant Objective Interface Systems, Inc. is a Delaware corporation conducting business in Colorado, at relevant times, including Douglas County, Colorado.  Its corporate headquarters and primary place of business is located in Virginia.

3. The matters that form the subject matter of this lawsuit took place in Douglas County, Colorado.

4.  Defendant is subject to the jurisdiction of this Court pursuant to Colorado's Long Arm Statute, C.R.S.  § 13-1-124, and *Int'l Shoe v. Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

**Exhibit 1**

5. Venue is proper, and all parties in this action are subject to the jurisdiction of this Court.

6. Dr. Rodell was hired by Defendant as a Senior Mentoring Engineer and National Agencies Accounts Manager on or about October 22, 2007.

7. Dr. Rodell was Vice President of Security Products Management at the time of separation.

8. At all times pertinent hereto, Dr. Rodell was employed by Defendant.

9. Pursuant to agreement of the parties, Dr. Rodell worked for Defendant primarily from his home office in Douglas County, Colorado.

10. Dr. Rodell had an excellent employment history with Defendant prior to the wrongful termination at issue.

11. Defendant unlawfully used age as a determinative factor in deciding to terminate Dr. Rodell, and deny compensation, wages, incentives and bonuses owed.

12. Dr. Rodell was denied severance, wages earned, incentives, and commissions given to similarly situated, younger, employees.

13. Defendant also retaliated against Dr. Rodell for complaining about the disparate treatment.

14. When Dr. Rodell complained and inquired regarding a planned reduction in pay, and why he was apparently the only one facing such reduction, he was shortly thereafter terminated, on or about October 31, 2012.

15. Further, younger employees were not asked to take a reduction in pay, and were given all severance, wages, incentives and commissions due.

16. Despite Demand, Defendant failed to pay to Dr. Rodell compensation due and owing at the time of separation, including, but not limited to, wages, bonuses, commissions, incentives, and stock options.

17. ADMINISTRATIVE COMPLIANCE:  Dr. Rodell satisfied his statutory obligation to exhaust administrative remedies by timely causing a charge of discrimination to be jointly filed against the Defendant with the Colorado Civil Rights Division, and the Equal Employment Opportunity Commission ("EEOC") on March 27, 2013.  On February 5, 2014, the EEOC issued a "Notice of Right to Sue" letter and the Plaintiff brings this cause of action within ninety (90) days of having received that notice.

## FIRST CLAIM FOR RELIEF
Violation of Colorado's Anti-Discrimination Act (CADA), CRS § § 24-34-401 *et seq*

18. Dr. Rodell incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19. Defendant was an employer at all relevant times, as defined under CRS § 24-34-401 (3).

20. Defendant discriminated against Dr. Rodell on the basis of age, in contravention of CRS § 24-34-402 (a).

21. Defendant unlawfully used age as a determinative factor in deciding to terminate Dr. Rodell.

22. Dr. Rodell is a member of a protected class, in that he is over forty, and under 70 years of age.

23. Dr. Rodell was well qualified for the job he held with Defendant, having performed the job very well for over five years.

24. Defendant further engaged in discrimination under CADA by retaliating against Dr. Rodell for opposing a discriminatory or unfair business practice.

### SECOND CLAIM FOR RELIEF
Violation of Colorado's Wage Claim Act, CRS § 8-4-101 *et seq*

25. Dr. Rodell incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant was an employer at all relevant times, under CRS § 8-4-101 (5).

27. Dr. Rodell was terminated by Defendant on or about October 31, 2012.

28. At the time of separation from employment, Dr. Rodell was entitled to earned compensation, including but not limited to, bonuses, benefits, vacation pay, incentives, and wages.

29. The compensation, wages, benefits, bonuses and commissions due Dr. Rodell were vested and determinable at the time of separation from employment.

30. Dr. Rodell was also entitled to the benefit of Defendant Company stock options, which were earned, vested and determinable at time of separation from employment.

31. Defendant refused to pay Dr. Rodell said compensation, in contravention of CRS § 8-4-101 *et seq*., despite demand.

## THIRD CLAIM FOR RELIEF
### *Promissory Estoppel*

32. Plaintiff incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff entered into an employment agreement whereby the Defendant promised not to discriminate on the basis of age, which promises the Defendant should reasonable have expected the employee would consider a commitment from Defendant.

34. In reasonable reliance upon the Defendant's promise not to discriminate against the Plaintiff, the Plaintiff remained working for the Defendant and did not actively seek other employment, to Plaintiff's detriment.

35. Injustice can only be avoided by enforcement of the Defendant's promise and commitment to maintain a workplace free of discrimination.

36. As a direct, proximate, and foreseeable result of Defendant's failure to perform its promises, the Plaintiff has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### *Breach of Contract*

37. Plaintiff incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

38. Plaintiff and Defendant entered into an employment agreement whereby Defendant promised not to discriminate on the basis of age.

39. The employment agreement entered into by the parties set forth each party's rights, duties and obligations upon which the employment relationship was to continue.

40. Dr. Rodell performed his part of the agreement by continuing to successfully perform his job duties.

41. Defendant breached the parties' agreement by discriminating against Dr. Rodell on the basis of his age, *inter alia*, which breach has resulted in damages to Dr. Rodell in an amount to be determined at trial.

42. Furthermore, Defendant failed to pay to Dr. Rodell compensation due and owing pursuant

to the employment agreement at the time of separation, including, but not limited to, wages, bonuses, benefits, commissions, incentives, and stock options.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

WHEREFORE, Plaintiff prays for damages against Defendants in an amount to be determined at trial, including, but not limited to, compensatory damages, special damages, punitive damages, attorney fees, injunctive relief, equitable relief, costs, interest, together with pre- and post-judgment interest at 8 percent per annum, compounded annually, and any other relief to which the Plaintiff is entitled.

DATED this 5th day of May, 2014.

BOB ROBERTS, LLC
By: /s/ Bob Roberts #33057
*Duly signed original on file at the law firm of Bob Roberts, LLC*

Plaintiff's Address:
10515 Humboldt Peak Way
Parker, CO 80138