IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01667-MSK-MJW

DR. JOHN RODELL,

Plaintiff,

v.

OBJECTIVE INTERFACE SYSTEMS, INC.,

Defendant.

## REPORT & RECOMMENDATION
on

## DEFENDANT OBJECTIVE INTERFACE SYSTEMS, INC.'S MOTION TO DISMISS
(Docket No. 33)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Dr. John Rodell used to work for Objective Interface Systems, Inc. ("OIS"); he was fired and has now sued OIS for age discrimination, breach of contract, and related claims. OIS moves to dismiss two of those claims for relief. The Court has reviewed the parties' filings (Docket Nos. 33, 39, & 41), taken judicial notice of the court's file,[1] and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following findings of fact, conclusions of law, and recommendation.

---

[1] As a brief procedural note, Defendant filed an Answer and the instant Motion to Dismiss before the Court acted on Plaintiff's motion for leave to file an amended complaint. (*See* Docket No. 34.) The Court has now acted on the motion, stricken Defendant's Answer, and directed Defendant to re-file its answer. (Docket Nos. 42, 43, & 44.) The Court has *not* stricken the motion to dismiss and will consider it as if properly filed.

### Rodell's Complaint

The general factual allegations in Rodell's First Amended Complaint allege that Rodell worked for OIS starting in 2007.  (Docket No. 43, ¶¶ 7–11.)  In 2012, due to Rodell's age and in retaliation for his complaints of age discrimination, OIS terminated him and did not pay severance, wages earned, incentives, commissions, bonuses, and stock options owed to him.  (*Id.* ¶¶ 12–17.)

The First Amended Complaint sets forth three state and federal statutory claims for relief, and four common-law claims.

### Discussion

OIS has moved to dismiss Rodell's two equitable claims—promissory estoppel and quasi-contract/unjust enrichment—arguing that they cannot be maintained where there is an express contract covering the same conduct.

*Promissory Estoppel*

Rodell's fourth claim for relief is for promissory estoppel, alleging:

37. Plaintiff incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

38. Plaintiff entered into an employment agreement whereby the Defendant promised certain remuneration, including, but not limited to, stock options, commissions, incentives, bonuses, vacation benefits, and not to discriminate against Plaintiff on the basis of age, which promises the Defendant should reasonable have expected Plaintiff would consider a commitment from Defendant.

39. In reasonable reliance upon the Defendant's promises, the Plaintiff remained working for the Defendant and did not actively seek other employment, to Plaintiff's detriment.

40. Injustice can only be avoided by enforcement of the Defendant's promises.

41. As a direct, proximate, and foreseeable result of Defendant's failure to perform its promises, the Plaintiff has suffered damages in an amount to be proven at trial.

(Docket No. 43, ¶¶ 37–41.)

As explained by the Colorado Court of Appeals:

Promissory estoppel is available as a remedy only in the absence of an otherwise enforceable contract. *Scott Co. v. MK-Ferguson Co.*, 832 P.2d 1000 (Colo. App. 1991); *see also Gilmore v. Ute City Mortgage Co.*, 660 F.Supp. 437 (D. Colo. 1986). If there has been mutual agreement between the parties as to all the essential terms of a contract, the alternative remedy of promissory estoppel is not applicable. *See Vigoda v. Denver Urban Renewal Authority,* 646 P.2d 900 (Colo. 1982).

*Pickell v. Arizona Components Co.*, 902 P.2d 392, 394–95 (Colo. App. 1994), *rev'd on other grounds,* 931 P.2d 1184 (Colo. 1997).

Ordinarily, under the pleading standards in the Federal Rules of Civil Procedure, Rodell would be allowed to plead promissory estoppel in the alternative to breach of contract. *See, e.g.*, *Keymark Enterprises, LLC v. V.P.T., Inc.*, No. 08-cv-00662-REB-MEH, 2008 WL 4371923, at *2 (D. Colo. Sept. 22, 2008) (citing Federal Rule of Civil Procedure 8(d)). Here, however, Rodell's claim is not made in the alternative. Rather, it is explicitly premised upon the express contract. (*See* Docket No. 43, ¶¶ 38.) Because a promissory-estoppel claim cannot be based on breach of an express contract, Rodell fails to state a claim under Colorado law.

Rodell argues that there are essential promises outside the scope of the employment agreement upon which his promissory-estoppel claim can be sustained. That may be true—but it is not the claim made in the First Amended Complaint. (*See id.*) Rodell's promissory estoppel claim should be dismissed, without prejudice against re-filing as an alternative claim.

*Quasi-Contract*

Rodell's sixth claim for relief is for quasi-contract/unjust enrichment, alleging:

48. Plaintiff incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49. Plaintiff performed certain work for Defendant, but was not fully paid by Defendant, as Defendant promised.

50. Plaintiff's actions resulted in a benefit conferred upon Defendant.

51. Defendants appreciated the benefit.

52. The benefit was accepted by Defendants under circumstances that it would be inequitable for Defendants to retain the benefit absent Defendant fully paying Plaintiff for his services.

(Docket No. 43, ¶¶ 48–52.)

As explained by the Colorado Court of Appeals, a party generally may not recover on both a contract claim and a quasi-contract claim:

In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract. However, this principle recognizes two exceptions.

First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract.

Second, a party can recover on a quasi-contract when the party will have no right under an enforceable contract. For example, quasi-contractual recovery may be allowed when an express contract failed or was rescinded.

Resolution of this issue presents a mixed question of law and fact. The existence of an express contract is a question of fact. Application of the rule that an express contract supersedes a quasi-contract covering the same subject is a question of law.

*Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003) (internal citations and quotation marks omitted). That said, although

a plaintiff may recover only once, he may nonetheless assert both claims as alternative theories at the pleading stage. *See id.* at 817 (citing *E.H. Boly & Son, Inc. v. Schneider*, 525 F.2d 20 (9th Cir. 1975)). Rodell's unjust-enrichment claim, unlike his promissory-estoppel claim, is not explicitly based on the express contract and therefore can be considered to be an alternative theory.

OIS's argument to the contrary amounts to claiming Rodell may not plead in the alternative when OIS concedes the existence of an enforceable contract. The Court disagrees. OIS's Answer does indeed concede the point (Docket No. 44, ¶ 43), but the Court does not consider OIS's Answer in resolving a motion to dismiss under Rule 12(b)(6). OIS's concession might support a motion for summary judgment or for partial judgment on the pleadings. *See, e.g.*, *Echostar Satellite, L.L.C. v. Splash Media Partners, L.P.*, No. 07-cv-02611-PAB-BNB, 2010 WL 3873282, at *9 (D. Colo. Sept. 29, 2010) ("[B]ecause there is an express contract covering the same subject matter as the unjust enrichment claim . . . EchoStar's unjust enrichment claim may not proceed and summary judgment is appropriate."). At this stage, however, Rodell is entitled to plead in the alternative. *See, e.g.*, *Thomas Revocable Trust v. Inland Pac. Colorado, LLC*, No. 11-cv-03333-WYD-KLM, 2012 WL 2190852, at *4 (D. Colo. June 14, 2012) ("As to Defendant IPC, I find that the Trust may plead unjust enrichment in the alternative to the breach of contract claim at this stage of the litigation, but will have to choose which claim to pursue at a later date.").

OIS has not otherwise challenged the sufficiency of Rodell's unjust-enrichment claim; OIS's motion to dismiss it should therefore be denied.

## RECOMMENDATION

For the foregoing reasons, it is hereby RECOMMENDED that Defendant Objective Interface Systems, Inc.'s Motion to Dismiss (Docket No. 33) be GRANTED IN PART and DENIED IN PART, and that Plaintiff's Fourth Claim for Relief be DISMISSED WITHOUT PREJUDICE.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: January 7, 2015  /s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge